**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| SILVIA CLARIBEL GUEVARA, | |
| Plaintiff, | Case No.: |
| vs. | |
| HY CITE ENTERPRISES, LLC | |
| Defendant. | |

**COMPLAINT**

Plaintiff, **SILVIA CLARIBEL GUEVARA** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **HY CITE ENTERPRISES, LLC** (hereafter referred to as "Hy Cite," and "Defendant"), allege the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1.  This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was injured by a "Royal Prestige pressure cooker" (hereafter generally referred to as "pressure cooker(s)"), exclusively sold and distributed by Hy Cite.

2.  On or about September 22, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly ejecting off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff.

1

3. The aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product, placing the Plaintiff and similar consumers in danger while using the pressure cookers.

4. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiffs and consumers like them.

5. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF SILVIA CLARIBEL GUEVARA

6. Plaintiff is a resident, citizen and is domiciled in the City of Alexandria, County of Alexandria City, State of Virginia and intends to remain in the same indefinitely. Plaintiff is therefore a resident, citizen and is domiciled in the State of Virginia for purposes of diversity pursuant to 28 U.S.C. § 1332.

7. On or about September 22, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker; allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

8. The incident occurred as a result of the failure of the pressure cookers supposed

"four safety mechanisms,"[1] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT HY CITE ENTERPRISES, LLC

9.      Defendant Hy Cite designs, markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

10.     Hy Cite touts that Royal Prestige is it's "signature collection of innovative home and kitchen solutions and accessories, crafted with the strictest of quality standards" and has "served around 2.6 million customers in the United States and Latin America" over the past five years.[2]

11.     Hy Cite is, and was at the time of Plaintiff's injury, a Wisconsin limited liability company with its principal place of business located in Middleton, Wisconsin. Hy Cite Enterprises, LLC, is a wholly owned subsidiary of Hy Cite Corporation, a Wisconsin Corporation. Hy Cite Corporation is the only member of the LLC. Hy Cite does business in all 50 states. Hy Cite is therefore deemed to be a resident and citizen of the State of Wisconsin for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

12.     At all times relevant, Defendant Hy Cite substantially participated in the design, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

---

[1] https://www.royalprestige.com/en-us/products/detail/pressure-cooker (last accessed February 13, 2026("Safety | Four security mechanisms for your peace of mind.")
[2] See https://hycite.com/royal-prestige (last accessed February 13, 2026)

## JURISDICTION AND VENUE

13.        This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

15.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the Defendant is a resident of this District.

## FACTUAL BACKGROUND

16.        Hy Cite is engaged in the business of designing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in the litigation.

17.        Hy Cite warrants, markets, advertises and sells its Royal Prestige pressure cookers as a means to "save up to a third of the cooking time."[3]



Safety mechanisms for your peace of mind

Four safety systems: safety lock, pressure indicator pin, safety valve, and pressure release window. Designed to protect your cooking experience.

---

[3] *Id.*

18.     It further boasts that "with four safety mechanisms, this pressure cooker offers you peace of mind to cook at ease," which purports to keep the user safe while cooking.

19.     By reason of the forgoing acts or omissions, the Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

20.     Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

21.     However, the aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff and similar consumers in danger while using the pressure cookers.

22.     The pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

23.     Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

24.     As a direct and proximate result of Defendant's conduct, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to the Plaintiff in this case.

25.     Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiffs to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of

life, and other damages.

## CAUSES OF ACTION

### COUNT I
### STRICT PRODUCTS LIABILITY –DESIGN DEFECT

26.    Plaintiffs incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

27.    At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including the Plaintiff.

28.    Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant.

29.    Plaintiff did not misuse or materially alter the pressure cooker.

30.    The pressure cooker did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way.

31.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

e.   Defendant failed to adequately test the pressure cookers to the applicable standards, UL 136 and UL 1026; and

f.   Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

32.   Defendant knew or should have known that the lid could explosively separate from the pot while under pressure during the normal, foreseeable and directed use of the pressure cooker.

33.   Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

## COUNT II
## NEGLIGENCE

34.   Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

35.   Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff.

36.   Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

37.   Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

a.   Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

b.   Placed an unsafe product into the stream of commerce;

7

c. Failed to adequately test the pressure cookers to the applicable standards, UL 136 and UL 1026; and

d. Were otherwise careless or negligent.

38.     Defendant knew or should have known that the lid could explosively separate from the pot during the normal, foreseeable and directed use of the pressure cooker.

39.     Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

40.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein, and further alleges:

41.     At the time Defendant marketed, distributed and sold its pressure cookers to Plaintiff ,Defendant warranted that it's pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

42.     Specifically, Defendant marketed, promoted, and sold their pressure cookers as a safe product, complete with "Safety Features."

43.     Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

44.     Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective, and safe means of cooking, and relied on Defendant's representations regarding its "Safety System."

45.     The Plaintiff in this case used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

46.     Defendant's pressure cookers were not merchantable and fit for their ordinary

8

purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

47.    Defendant knew or should have known of the dangerous propensities of the subject pressure cooker at the time it was sold.

48.    Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiffs' injury and damages.

## INJURIES & DAMAGES

49.    As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

50.    As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

51.    As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns they suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demands judgment against the Defendant as follows:

A.   That Plaintiffs have a trial by jury on all of the claims and issues;

B.   That judgment be entered in favor of the Plaintiffs and against Defendant on all of the aforementioned claims and issues;

C.   That Plaintiffs recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiffs for their injuries and suffering sustained because of the use of the Defendants' defective pressure cooker;

D.   That prejudgment interest be awarded according to proof; and

E.   That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**JOHNSON BECKER, PLLC**

Dated: July 29, 2026

*/s/ Adam J. Kress*
Adam J. Kress, Esq.
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

***Attorneys for Plaintiff***